"O"

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPERIAN INFORMATION SOLUTIONS, INC., a corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>LIFELOCK, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. SACV08-00165 AG (MLGx)<br><br>ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT |

    Plaintiff and Counter-Defendant Experian Information Solutions, Inc. ("Experian") has filed a Motion for Partial Summary Judgment ("Motion") against Defendant Lifelock, Inc. ("Defendant") in this case concerning fraud alerts under Section 1681c-1 of the Fair Credit Reporting Act ("FCRA"). The issue here is whether a stated public policy that companies like Experian are not required to process fraud alerts placed by companies, rather than individuals, establishes a public policy that companies like Lifelock must not place such fraud alerts. The Court concludes that there is a public policy against Lifelock placing such fraud alerts, and GRANTS the Motion.

## BACKGROUND

Experian is one of three major credit reporting organizations operating in the United States. Lifelock is a corporation offering its customers a "bundle of identity theft protection services." (Counterclaim ¶ 36.) As one of those services, Lifelock submits requests for placement of "fraud alerts" on the credit files maintained by Experian and other consumer reporting agencies. When a consumer reporting agency like Experian receives a valid request for a fraud alert, the reporting agency is required to place certain information in the requesting consumer's file, refer the request to the other reporting agencies, and send the consumer certain disclosures.

Experian's Second Amended Complaint brings several claims against Lifelock, including claims for concealment and suppression of fact, intentional and negligent misrepresentation, unjust enrichment, and violation of various provisions of the California Business & Professions Code, including Section 17200, *et seq.*, known as California's Unfair Competition Law ("UCL"). Lifelock has responded with several counterclaims against Experian. Experian here moves for partial summary judgment on its seventh claim, a UCL claim.

## PRELIMINARY MATTERS

To support its Motion, Experian requests that the Court take judicial notice of one document: House of Representatives Report 108-263, Fair and Accurate Credit Transactions Act of 2003, ordered to be printed on September 4, 2003. Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Court finds House of Representatives Report 108-263 appropriate for judicial notice, and Experian's request is GRANTED. *See* Fed. R. Evid. 201; *Fed. Deposit Ins. Corp. v. Jackson-Shaw Partners No. 46, Ltd.*, 1994 WL 665262, at *8, n. 4 (N.D. Cal. Aug. 12, 1994) (under Rule

201, court may take judicial notice of the legislative history of a statute).

To support its Opposition to the Motion, Lifelock requests that the Court take judicial notice of the web page of the Governor of Connecticut. The Court finds that the material on the Governor's web page is not "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." *See* Fed. R. Evid. 201. The Court declines to take judicial notice of the web page, and Lifelock's request is DENIED. The Court further finds that if it had taken judicial notice of the web page, it would not have reached a different conclusion.

Various objections to evidence have also been filed. The Court has not relied upon any of the evidence under objection.

## ANALYSIS

Experian's seventh claim against Lifelock alleges that Lifelock's business practices violate the UCL. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "The 'unfair' standard, the second prong of . . . [S]ection 17200, . . . provides an independent basis for relief." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001) (internal quotations omitted). It "makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999). The section "was intentionally framed in its broad, sweeping language, precisely to enable judicial tribunals to deal with the innumerable new schemes which the fertility of man's invention would contrive." *Id.* at 181 (quoting *Am. Philatelic Soc. v. Claibourne*, 3 Cal. 2d 689, 698 (1935)); *Barquis v. Merchs. Collection Ass'n*, 7 Cal. 3d 94, 112 (1972) (quoting *Am. Philatelic*, 3 Cal. 2d at 698). To succeed on its UCL claim, Experian must establish that Lifelock engages in an "unfair" business practice and that Experian has suffered an injury in fact and lost money and property as a result. *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854 (2002); *White v. Trans Union, LLC*, 462 F. Supp. 2d 1079, 1083-84 (C.D. Cal. 2006); *G&C Auto Body, Inc. v. Geico Gen. Ins. Co.*, 2007 WL 4350907 at *3 (N.D. Cal. Dec. 12, 2007).

A plaintiff may establish that a business practice is "unfair" by showing that it violates an established public policy. *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal. App. 3d 509, 530 (1984); *Gregory*, 104 Cal. App. 4th at 854; *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917, 939 (2003). Some courts have held that "where a claim of an unfair act or practice is predicated on public policy, . . . the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions." *Gregory*, 104 Cal. App. 4th at 854. Experian argues that Lifelock's business practice of requesting the national consumer reporting agencies to place fraud alerts on consumer files violates Section 17200 of the UCL because it offends a public policy established by the Fair Credit Reporting Act ("FCRA"). The Court agrees.

Section 1681c-1 of the FCRA requires consumer reporting agencies to place a fraud alert "[u]pon the direct request of a consumer, or an individual acting on behalf of or as a personal representative of a consumer, who asserts in good faith a suspicion that the consumer has been or is about to become a victim of fraud or related crime, including identity theft . . . ." 15 U.S.C. § 1681c-1(a). The FCRA expressly defines "consumer" as an "individual," while the statute uses the term "person" to refer to individuals and entities. *See* 15 U.S.C. §§ 1681a(b); 1681a(c). Experian argues that by using the term "consumer" rather than "person" in Section 1681c-1, Congress expressly excused Experian and other credit reporting agencies from placing fraud alerts requested by companies like Lifelock. The Court finds that this is a proper interpretation of the plain meaning of the statute.

This interpretation of the plain meaning of the statute is supported by the following legislative history of Section 1681c-1:

> A request for a fraud alert must be made directly by the consumer, or directly by an individual acting on behalf of or as a personal representative of the consumer. The Committee used the word 'individual' instead of 'person' to ensure that the provision would only apply to specific individuals such as a consumer's authorized

          family members or guardians (or attorneys acting as personal representatives), authorized representatives from bona fide military service organizations, and not to companies and entities such as credit repair clinics.

H.R. Rep. No. 108-263 at 40 (Sept. 4, 2003). Under the clear terms of the legislative history, any request for a fraud alert "must" be made by "an individual," and not by a company like Lifelock. Taking Section 1681c-1 and its legislative history together, the Court finds that the FCRA embodies an established public policy against companies like Lifelock placing fraud alerts on behalf of consumers. Lifelock has engaged in an unfair business practice under the UCL.

     Lifelock argues that the purpose of the FCRA is consumer protection, and the statute places the bulk of its obligations on companies like Experian. But this purpose does not preclude a finding that the statute embodies a public policy of limiting the obligations of consumer reporting agencies like Experian. Nor does it preclude a finding that the public policy is violated when companies like Lifelock place fraud alerts inconsistent with those limitations.

     The Court also finds that no genuine issue of material fact exists as to whether Experian has suffered an injury in fact and lost money or property due to Lifelock's unfair business practice. Experian clearly incurs costs each time it must process a fraud alert made by Lifelock. These costs include the costs of allocating Experian's electronic resources and employee time, plus the maintenance costs of Experian's toll-free telephone number and webpage used to accept fraud alert requests. (Spalding Decl. ¶ 4.) Experian also incurs postage and printing costs in mailing disclosure letters to each consumer on whose behalf a fraud alert is requested. (Spalding Decl. ¶ 5.)

     Overall, the Court finds that no genuine issues of material fact exist as to Experian's UCL claim. Experian has established that Lifelock engages in an unfair business practice and that Experian has suffered an injury in fact and lost money or property because of that practice, and Experian is entitled to partial summary judgment of its UCL claim. *See Celotex Corp. v. Catrett*,

477 U.S. 317, 323-24 (1986). The Motion for Partial Summary Judgment is GRANTED.

IT IS SO ORDERED.

DATED: May 19, 2009

                                                            _____
                                                                 Andrew J. Guilford
                                                            United States District Judge