# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-0165 AG (MLGx) | Date | August 28, 2009 |
|---|---|---|---|
| Title | EXPERIAN INFORMATION SOLUTIONS, INC. v. LIFELOCK, INC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

**Proceedings:    ORDER DENYING MOTION FOR RECONSIDERATION**

Defendant LifeLock, Inc. ("LifeLock") has filed a Motion for Reconsideration ("Motion"). Citing "new evidence," LifeLock requests that the Court reconsider its order granting Plaintiff's motion for partial summary judgment and issue a new order denying Plaintiff's motion for partial summary judgment. Because the Court finds that there is insufficient proper evidence to support a different ruling on the motion for partial summary judgment, LifeLock's Motion is DENIED.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 59 and Local Rule 7-18 provide the standards governing this Motion. "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *School Dist. No. 13 v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). In this District, Local Rule 7-18 sets the standard for review of a motion for reconsideration. Local Rule 7-18 states that a motion for reconsideration will be granted only upon a showing by the moving party that:

(a)    a material difference in fact or law from that presented to the Court before

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-0165 AG (MLGx) | Date | August 28, 2009 |
|---|---|---|---|
| Title | EXPERIAN INFORMATION SOLUTIONS, INC. v. LIFELOCK, INC., et al. | | |

        such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decisions, or

  (b)    the emergence of new material facts or a change of law occurring after the time of such decision, or

  (c)    a manifest showing of a failure to consider material facts presented to the Court before such decision.

## **PRELIMINARY MATTER**

On August 19, 2009, only three court days before the scheduled hearing on this Motion, LifeLock filed a supplemental brief supporting the Motion. Under Local Rule 7-10, a party "shall not file a response" to a reply brief "[a]bsent prior written order of the Court." LifeLock did not seek or receive permission from the Court before filing its improper supplemental briefing, and under Local Rule 7-10, the Court declines to consider the supplemental brief. This matter has been sufficiently and extensively briefed.

The Court has thoroughly reviewed the extensive briefing timely filed by the parties. Both parties have also produced volumes upon volumes of evidentiary support, spawning correspondingly voluminous evidentiary objections. Because the Court finds that LifeLock's "new" evidence, even if reviewable, does not alter the Court's summary judgment ruling, the Court need not respond to the evidentiary objections filed.

## **ANALYSIS**

Plaintiff Experian Information Solutions, Inc. ("Experian") is one of three major credit reporting organizations operating in the United States. LifeLock is a corporation offering its customers a "bundle of identity theft protection services." As one of those services, LifeLock submits requests for placement of "fraud alerts" on the credit files maintained by Experian and other consumer reporting agencies. When a consumer reporting agency like Experian receives a valid request for a fraud alert, the reporting agency is required to place certain information in the requesting consumer's file, refer the request to the other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-0165 AG (MLGx) | Date | August 28, 2009 |
|---|---|---|---|
| Title | EXPERIAN INFORMATION SOLUTIONS, INC. v. LIFELOCK, INC., et al. | | |

reporting agencies, and send the consumer certain disclosures.

After extensive briefing and oral argument, followed by independent research and review in chambers, the Court issued an order on May 19, 2009, granting Experian's motion for partial summary judgment of its claim against LifeLock for violations of California's Unfair Competition Law ("UCL"). Based upon the arguments presented by the parties, the Court focused on issues of statutory interpretation and found that the Fair Credit Reporting Act ("FCRA") embodies a public policy that companies like LifeLock must not place fraud alerts on behalf of individuals. LifeLock then changed counsel and moved for reconsideration of the May 19 Order, further developing previous arguments and largely presenting voluminous evidence supporting those previous arguments. Much of the argument and evidence now presented is improper in a motion for reconsideration, and even where considered, does not convince the Court to alter its previous ruling concerning the meaning of the Fair Credit Reporting Act and granting partial summary judgment.

First, LifeLock asserts that "new evidence" has arisen to support a contention LifeLock has already made: that Experian competes with LifeLock in the market for identity theft protection. There is some question about why this voluminous "new evidence" was not presented earlier. But LifeLock claims it is reviewable, noting discovery issues, so the Court addresses LifeLock's contention.

Under *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999), LifeLock argues, when a competitor alleges a violation of the UCL under the "unfair" prong of the statute, that competitor must provide evidence of anti-competitive conduct to succeed on a UCL claim. Because Experian and LifeLock are actually competitors, LifeLock asserts, the Court should reconsider its summary judgment order and apply the "competitor" standard to Experian's UCL claim against LifeLock. But as Experian points out, the *Cel-Tech* court, in footnote 12, expressly limited the "competitor" standard to claims involving "a competitor alleging anti-competitive practices," and not claims involving a competitor simply alleging "unfair" practices. *See Cel-Tech*, 20 Cal. 4th at 187 n. 12 ("This case involves an action by a competitor alleging anticompetitive practices. Our discussion and this test are limited to that context.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-0165 AG (MLGx) | Date | August 28, 2009 |
|---|---|---|---|
| Title | EXPERIAN INFORMATION SOLUTIONS, INC. v. LIFELOCK, INC., et al. | | |

Nothing we say relates to actions by consumers or by competitors alleging other kinds of violations of the unfair competition law such as 'fraudulent' or 'unlawful' business practices or 'unfair, deceptive, untrue or misleading advertising.'").

A review of Justice Chin's thorough opinion in *Cel-Tech* confirms that he did not intend to broadly limit UCL claims for unfairness as LifeLock now argues. Where a claim for unfairness is made by a competitor against another competitor, "tethered" to a statute not involving anti-competitive practices, the claim need not focus on competition.

California cases further confirm this point, finding *Cel-Tech* does not hold that all competitor cases alleging "unfair" conduct are subject to the anti-competitive practices test. *See Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 853 (2002) (explaining that the *Cel-Tech* court "limited application of its newly announced test to an action by a competitor alleging anticompetitive practices"); *Camacho v. Auto Club of S. Cal.*, 142 Cal. App. 4th 1394, 1401 (2006) (explaining that in *Cel-Tech*, "the Supreme Court . . . made clear that *Cel-Tech* involved an action by a competitor alleging anticompetitive practices."); *Berryman v. Merit Property Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1556 n. 2 (2007) (noting that the *Cel-Tech* decision "narrow[ed] the scope of claims of unfair practices under the UCL in cases in which a competitor alleged anticompetitive behavior"); *Yokohama Rubber Co. Ltd. v. S. China Tire & Rubber Co., Ltd.*, 2004 U.S. Dist. LEXIS 30927, at *12 (C.D. Cal. Oct. 19, 2004) (holding that in *Cel-Tech*, the "definition of 'unfair' is limited to the context of a competitor alleging anticompetitive practices"); *Pier 39 Ltd. Partnership v. Flags & Things Enterprises, Inc.*, 2006 WL 1614366, at *8 (Cal. App. June 13, 2006) (holding that even if a competitive relationship had been alleged, the anti-competitive conduct test would not apply because "the gravamen of the claim is not activity" concerning competition); *compare Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) (quoting the *Cel-Tech* test, but not discussing the limitation expressed in footnote 12). While LifeLock cites *Sybersound* for the proposition that *Cel-Tech* applies the anti-competitive practices test to all competitor claims for unfair conduct, *Sybersound* does not address the limiting language of footnote 12, and does not discuss the test in detail.

Here, while Experian did allege that LifeLock engaged in unfair business practices, the

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-0165 AG (MLGx) | Date | August 28, 2009 |
|---|---|---|---|
| Title | EXPERIAN INFORMATION SOLUTIONS, INC. v. LIFELOCK, INC., et al. | | |

"gravamen of the claim" was not based on competitive activity. LifeLock's argument fails.

LifeLock next argues that "new evidence" shows that Experian's own practices contradict its professed belief in the existence of an established public policy prohibiting corporations from requesting fraud alerts and that Experian knows when LifeLock requests fraud alerts. After reviewing LifeLock's purported "new evidence," the Court finds that it does not warrant reconsideration of its summary judgment order. None of the evidence alters the Court's conclusion that LifeLock's practice of requesting fraud alerts on behalf of consumers violates an established public policy inherent in the FCRA.

LifeLock also argues that in the summary judgment ruling, the Court should have balanced the public policy violated by LifeLock against the utility of LifeLock's services. But in making its ruling, the Court engaged in the requisite balancing, and determined in the end that the utility of LifeLock's services does not outweigh the violation of public policy.

Finally, LifeLock argues that new evidence from third parties establishes that public policy is in fact *furthered* by corporations placing fraud alerts on behalf of consumers. But the fact that some third parties disagree with the Court's ruling does not warrant reconsideration of the ruling.

## **CONCLUSION**

The difficult requirements which must be met by those seeking reconsideration are particularly appropriate for orders based on previous extensive briefing and argument. In making its summary judgment ruling, the Court thoroughly considered all of the parties' papers and arguments, together with the statutory language and legislative history of the FCRA. In short, none of the arguments now advanced by LifeLock compel the Court to alter that ruling. The Motion is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-0165 AG (MLGx) | Date | August 28, 2009 |
|---|---|---|---|
| Title | EXPERIAN INFORMATION SOLUTIONS, INC. v. LIFELOCK, INC., et al. | | |

 : 0

Initials of Preparer   lmb