NOTE CHANGES MADE BY THE COURT

**COURTESY COPY**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP - 1 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| EXPERIAN INFORMATION SOLUTIONS, INC., a corporation, <br><br> Plaintiff, <br><br> v. <br><br> LIFELOCK, INC., a corporation; and DOES 1 through 10, inclusive, <br><br> Defendants, | Case No. SACV08-00165 AG(MLG) <br><br> [PROPOSED] SECOND AMENDED SCHEDULING ORDER SPECIFYING PROCEDURES <br><br> 1. Discovery Cutoff: <br><br> August 11, 2009; with some exceptions. <br><br> 2. Final Pretrial Conference: |
| LIFELOCK, INC., a corporation, <br><br> Counterclaimant <br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., a corporation; CONSUMERINFO.COM, a corporation; and ROES 1 through 10, inclusive, <br><br> Counterclaim-Defendants | November 02, 2009 At 8:30 a.m. <br><br> 3. Trial: <br><br> November 17, 2009 At 9:00 a.m. |

With this Scheduling Order Specifying Procedures, the Court orders the following concerning the dates and procedures in this case. Counsel are ordered to be completely familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and the FAQ's about Judges' Procedures and Schedules posted by these Chambers on the Central District website at http://www.cacd.uscourts.gov. If there is a first appearance by any party after the date of this Order, Plaintiff counsel shall give a copy of this Order to that party.

LA1-3041063v1

1

1. <u>Discovery</u>. The following discovery schedule shall apply.

    1.1   <u>Depositions</u>. Non-expert depositions shall be completed by September 16, 2009. A Deposition which was started on or before the discovery cutoff date may continue.

    1.2   <u>Other Discovery</u>. All interrogatories, requests for admissions, requests for production shall be served at least forty-five days before the discovery cutoff date. The Court will not approve stipulations between counsel which permit discovery responses to be served after the cutoff date except in unusual circumstances and upon a showing of good cause.

    1.3   The parties shall complete their respective document productions by July 31, 2009.

    1.4   <u>Discovery Motions</u>. The Magistrate Judge assigned to this case shall hear all discovery motions. Any party seeking to compel non-expert discovery shall exchange their half of the Joint Stipulation and initiate the procedures of Local Rule 37 by September 21, 2009. <u>The parties are ordered to strictly comply with the requirements of all Local Rules at Local Rule 37 *et seq.* in preparing and filing Discovery Motions</u>. The Court expects counsel to resolve most discovery problems among themselves in a courteous, reasonable, and professional manner. Frequent resort to the Court for guidance in discovery is generally unnecessary.

    1.5   <u>Expert Discovery</u>. The discovery cutoff provisions in this Order include expert discovery, unless otherwise ordered by the Court. Unless the parties otherwise stipulate in writing and obtain the Court's approval, the Court orders the following sequence of disclosures:

        1.5.1 Initial expert disclosures shall be made by September 14, 2009;

        1.5.2 Initial expert depositions shall be completed by September 28, 2009;

        1.5.3 Rebuttal expert disclosures shall be made by October 22, 2009;

1       1.5.4   Rebuttal expert depositions shall be completed by October 30, 2009; and

    1.5.5   Any party seeking to compel expert discovery shall exchange their half of the Joint Stipulation and initiate the procedures of Local Rule 37 by November 9, 2009.

2.   <u>Final Pretrial Conference</u>. The Court sets a Final Pretrial Conference under Fed.R.Civ.P.16 on the date stated in the caption of this Order. <u>The parties are ordered to strictly comply with the requirements of all Local Rules at Local Rule 16 et seq.</u>

3.   <u>Joinder and Amendment Motions</u>. Absent exceptional circumstances, any motion to join another party or to amend a pleading shall be filed and served within 60 days after the date of this Order and noticed for a hearing occurring within 90 days after the date of this Order.

4.   <u>Summary Judgment or Partial Summary Judgment Motions</u>. Such motions shall be filed and served no later than September 28, 2009, and shall be noticed for a hearing no later than October 19, 2009, unless otherwise allowed by the Court.

5.   <u>Settlement</u>. In every case, if the parties and attorneys are unable to resolve the matter on their own, the Court requires that there be a settlement conference before <u>an independent settlement officer</u>, to be conducted before the Final Pretrial Conference. Counsel may agree on an appropriate procedure, such as a settlement conference with a magistrate judge, retired judge, or attorney, or similar alternative devised by counsel. The proposed Final Pretrial Conference Order shall state the settlement procedure that was follows.

6.   <u>Trials</u>. The Court sets a trial date on the date stated in the caption of this Order. The following procedures shall apply.

    6.1   <u>In limine motions (jury trials)</u>. Any motion in limine shall be filed and served not later than ten court days before the Final Pretrial Conference,

1 and any opposition shall be filed and served five court days before the Final Pretrial
2 Conference.

      6.2   <u>Voir dire questions (jury trials)</u>. The Court will question jurors concerning standard topics. Any special questions or topics requested to be put to prospective jurors by the Court on voir dire shall be filed and served a least five court days before trial.

      6.3   <u>Jury instructions (jury trials)</u>. The Court prefers to use instructions from the Manual of Model Jury Instructions for the Ninth Circuit, following all the Local Rules at Local Rule 51 *et seq.* At least five court days before trial, counsel shall file with the Court the following:

         6.3.1 A joint set of jury instructions on which there is agreement. (Plaintiff counsel has the burden of preparing the joint set of jury instructions).

         6.3.2 Each party's proposed jury instructions which are objected to by any other party, accompanied by points an authorities in support of those instructions.

         6.3.3 Each party's points and authorities supporting their objections to another party's proposed jury instructions.

      6.4   <u>Special verdict in jury trials</u>. If any special forms of verdict are requested, they shall be prepared, filed, and served under Local Rules 49-1 and 49-2.

      6.5   <u>Exhibits</u>. Unless an electronic alternative is approved by the Court, counsel shall prepare an original set and a copy set of trial exhibits in 3-ring binders, each tabbed down the right side with the exhibit number, prefaced by an index of each exhibit, following Local Rule 26-3 in numbering exhibits.

      6.6   <u>Submission at trial</u>. Counsel shall submit the following to the Courtroom Deputy Clerk on the first day of trial:

  6.6.1 The original exhibits binder set with the Court's exhibit tags attached and filled out showing the case number, case name, and exhibit number. (Exhibit tags must be attached so as not to cover exhibit text).

  6.6.2 The copy exhibit binder set for use by the Judge.

  6.6.3 Three copies of exhibits lists, showing which exhibits may be received into evidence without objection.

  6.6.4 Three copies of witness lists.

  6.6.5 A transcript or copy of any deposition or other discovery response to be read to the jury, following Local Rule 16-2.7.

  6.6.6 (jury trials) A very short description of the case approved by all parties to be reads to the jury at the beginning of the trial.

 6.7 <u>Trial times</u>. Trail times generally are 9:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Tuesday through Thursday, and 8:00 a.m. to 1:30 p.m. on Friday.

 6.8 <u>Witnesses</u>. If counsel runs out of witnesses, the Court may deem that counsel has rested. Counsel must keep opposing counsel informed about the order of witnesses, always informing opposing counsel of the witness for the next court day before 5:00 p.m. of the previous court day. Only one attorney per party shall examine and defend a witness.

 6.9 <u>Admission of Exhibits</u>. When counsel thinks an exhibit is admissible and should be admitted, counsel should move its admission.

 6.10 <u>Objection</u>. Objections should be brief, stating only, "Objection" followed by the specific legal ground such as "Hearsay" or "403".

 6.11 <u>Decorum</u>. Trials will be conducted in a dignified manner, following the traditional rules of trial decorum. Show respect for the trial process by being on time. Do not address witnesses over age 14 by their first names. Most

1 examination and argument should be done at the lectern. The Court recognizes that
2 at times it is necessary to enter the well in this courtroom.
3 IT IS SO ORDERED.
4 Dated: ~~August __, 2009~~ Sept 1, 2009
5
6 _____
   ANDREW J. GUILFORD
   UNITED STATES DISTRICT JUDGE
7
8 Courtroom Deputy Clerk:
   Lisa Bredahl
9 (714) 338-4757

10 THE PARTIES ARE NOTIFIED THAT
11 THE SIGNATURES ON PAGE 3 OF THE
12 STIPULATION DO NOT REFLECT THE
13 BEST PRACTICE, AS THE SIGNATURES
14 ARE THE SAME FOR BOTH SIDES,
15 AND DO NOT REVEAL WHO IS
16 SIGNING NOR THE SIGNER'S
17 AUTHORITY TO SIGN. THE COURT
18 WILL CONSIDER REVOKING THIS
19 ORDER IF ANY SIGNATURE IS
20 CONTESTED.

LAI-3041063v1