Thomas R. Malcolm (State Bar No. 39248)
trmalcolm@jonesday.com
Richard J. Grabowski (State Bar No. 125666)
rgrabowski@jonesday.com
Marc K. Callahan (State Bar No. 156616)
mkcallahan@jonesday.com
Corbett H. Williams (State Bar No. 246458)
chwilliams@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Attorneys for Plaintiff and Counterclaim-Defendant EXPERIAN INFORMATION SOLUTIONS, INC., and Counterclaim-Defendant CONSUMERINFO.COM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPERIAN INFORMATION SOLUTIONS, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIFELOCK, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. SACV08-00165 AG(MLGx)<br><br>Assigned for all purposes to Judge Andrew J. Guilford<br><br>**STIPULATION OF SETTLEMENT AND DISMISSAL**<br><br>Complaint Filed:  February 13, 2008 |

IRI-36v1

THE PARTIES STIPULATE AS FOLLOWS:

WHEREAS, on February 13, 2008, Experian Information Solutions, Inc. ("Experian") filed an action against LifeLock, Inc. ("LifeLock") in the United States District Court for the Central District of California (the "District Court"), entitled *Experian Information Solutions, Inc. v. LifeLock, Inc.*, Case No. SACV08-0165 AG (MLGx) and on August 25, 2008, LifeLock filed counterclaims against Experian and ConsumerInfo.com, Inc. (the "Action");

WHEREAS, on October 20, 2009, the parties entered into and executed a confidential settlement agreement, the Settlement Agreement and Release (the "Settlement Agreement"), disposing of the Action in its entirety, including all claims and counterclaims;

WHEREAS, the parties agree that the District Court shall enter the attached [Proposed] Stipulated Order which shall order as follows:

(a) Pursuant to the terms of a confidential settlement agreement, LifeLock, its successors, assigns, affiliates, and its officers, agents, servants, and employees acting within such capacities, whether acting directly or indirectly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, partnership, joint venture or other entity or association, who receive actual notice of this Order by personal service or otherwise are hereby permanently restrained and enjoined from directly or indirectly causing any request that a fraud alert be included in the file of a consumer to be submitted to any consumer reporting agency as that term is defined in 15 U.S.C. § 1681a(p), including but not limited, to Experian Information Solutions, Inc., TransUnion, LLC, and Equifax Information Services, LLC (each, a "CRA").

IRI-36v1

- 1 -

(b) Notwithstanding anything else in this Order, the following shall not be a violation of this Order:

    (i) furnishing consumers with information, including a telephone number, about how the consumer may contact a CRA to directly place a fraud alert with a CRA; provided, however, that (a) no information or data regarding the consumer or the fraud alert request will be provided or communicated by LifeLock to the CRA in order to place the fraud alert. The consumer shall go through the same process as any member of the general public in placing a fraud alert.

    (ii) establishing a link on its website to any portion of a website of any CRA available to the general public for placement of a fraud alert, provided, however, that (a) no information or data regarding the consumer or the fraud alert request will be provided or communicated by LifeLock to the CRA or to LifeLock by the CRA, (b) the consumer placing an alert utilizing that link will go through the same process as any other member of the general public in placing a fraud alert, (c) apart from the act of transferring the consumer from its website to the website of the consumer reporting agency, LifeLock will have no further involvement in the fraud alert request, placement or referral.

WHEREAS, the parties agree that upon entry by the District Court of the Stipulated Order, the Action shall be dismissed in its entirety, including all claims and counterclaims, with prejudice, except that the Court shall retain exclusive jurisdiction to enforce the terms and conditions of the Settlement Agreement and

IRI-36v1

- 2 -

(b) Notwithstanding anything else in this Order, the following shall not be a violation of this Order:

(i) furnishing consumers with information, including a telephone number, about how the consumer may contact a CRA to directly place a fraud alert with a CRA; provided, however, that (a) no information or data regarding the consumer or the fraud alert request will be provided or communicated by LifeLock to the CRA in order to place the fraud alert. The consumer shall go through the same process as any member of the general public in placing a fraud alert.

(ii) establishing a link on its website to any portion of a website of any CRA available to the general public for placement of a fraud alert, provided, however, that (a) no information or data regarding the consumer or the fraud alert request will be provided or communicated by LifeLock to the CRA or to LifeLock by the CRA, (b) the consumer placing an alert utilizing that link will go through the same process as any other member of the general public in placing a fraud alert, (c) apart from the act of transferring the consumer from its website to the website of the consumer reporting agency, LifeLock will have no further involvement in the fraud alert request, placement or referral.

WHEREAS, the parties agree that upon entry by the District Court of the Stipulated Order, the Action shall be dismissed in its entirety, including all claims and counterclaims, with prejudice, except that the Court shall retain exclusive jurisdiction to enforce the terms and conditions of the Settlement Agreement and

IRI-36v1

- 2 -

the Stipulated Order.

NOW, THEREFORE, the parties stipulate and agree that the District Court shall enter the Stipulated Order.

SO STIPULATED.

Dated: October 22, 2009

JONES DAY

By: _____
Richard J. Grabowski

Attorneys for Plaintiff and Counterclaim-Defendant
EXPERIAN INFORMATION SOLUTIONS, INC., and Counterclaim-Defendant
CONSUMERINFO.COM, INC.

Dated: October 22, 2009

KIRKLAND & ELLIS LLP

By: _____
DIANA TORRES

Attorneys for Defendant and Counterclaimant
LIFELOCK, INC.