Thomas R. Malcolm (State Bar No. 39248)
trmalcolm@jonesday.com
Richard J. Grabowski (State Bar No. 125666)
rgrabowski@jonesday.com
Marc K. Callahan (State Bar No. 156616)
mkcallahan@jonesday.com
Corbett H. Williams (State Bar No. 246458)
chwilliams@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone:   (949) 851-3939
Facsimile:    (949) 553-7539

Attorneys for Plaintiff and Counterclaim-Defendant
EXPERIAN INFORMATION SOLUTIONS, INC., and Counterclaim-Defendant CONSUMERINFO.COM, INC.

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPERIAN INFORMATION SOLUTIONS, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIFELOCK, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. SACV08-00165 AG(MLGx)<br><br>Assigned for all purposes to Judge Andrew J. Guilford<br><br>**STIPULATED ORDER**<br><br>Complaint Filed:   February 13, 2008 |

IRI-37v1

The parties to this action, entitled *Experian Information Solutions, Inc. v. LifeLock, Inc.*, Case No. SACV08-0165 AG (MLGx) (the "Action"), Experian Information Solutions, Inc. ("Experian"), LifeLock, Inc. ("LifeLock") and ConsumerInfo.com, Inc. have entered into a confidential settlement agreement disposing of the Action in its entirety, including all claims and counterclaims. The parties have also agreed and stipulated that this Court enter an order containing certain language set forth in the Settlement Agreement.

## **ORDER**

GOOD CAUSE HAVING BEEN SHOWN and in accordance with the parties' Stipulation of Settlement and Dismissal, the Court orders as follows:

(a) Pursuant to the terms of a confidential settlement agreement, LifeLock, its successors, assigns, affiliates, and its officers, agents, servants, and employees acting within such capacities, whether acting directly or indirectly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, partnership, joint venture or other entity or association, who receive actual notice of this Order by personal service or otherwise are hereby permanently restrained and enjoined from directly or indirectly causing any request that a fraud alert be included in the file of a consumer to be submitted to any consumer reporting agency as that term is defined in 15 U.S.C. § 1681a(p), including but not limited, to Experian Information Solutions, Inc., TransUnion, LLC, and Equifax Information Services, LLC (each, a "CRA").

(b) Notwithstanding anything else in this Order, the following shall not be a violation of this Order:

(i) furnishing consumers with information, including a telephone number, about how the consumer may contact a CRA to directly

IRI-37v1

- 1 -

place a fraud alert with a CRA; provided, however, that (a) no information or data regarding the consumer or the fraud alert request will be provided or communicated by LifeLock to the CRA in order to place the fraud alert. The consumer shall go through the same process as any member of the general public in placing a fraud alert.

(ii) establishing a link on its website to any portion of a website of any CRA available to the general public for placement of a fraud alert, provided, however, that (a) no information or data regarding the consumer or the fraud alert request will be provided or communicated by LifeLock to the CRA or to LifeLock by the CRA, (b) the consumer placing an alert utilizing that link will go through the same process as any other member of the general public in placing a fraud alert, (c) apart from the act of transferring the consumer from its website to the website of the consumer reporting agency, LifeLock will have no further involvement in the fraud alert request, placement or referral.

///
///
///
///
///
///
///
///
///

IRI-37v1

1  The Court further orders that the Action be dismissed in its entirety,
2  including all claims and counterclaims, with prejudice. Notwithstanding such
3  dismissal and in accordance with the parties' Stipulation Regarding Settlement and
4  Dismissal, the Court shall retain exclusive jurisdiction to enforce the terms of the
5  settlement agreement and this Order.
6  SO ORDERED.

Dated:  November 03, 2009    _____
Andrew J. Guilford
UNITED STATES DISTRICT JUDGE

IRI-37v1